## UNITED STATES DISTRICT COURT MIDDLE DISTRICT OF FLORIDA ORLANDO DIVISION

TriPro Consulting, LLC,

        Plaintiff,                Case No.: 6:23-cv-00568

v.

CACI, Inc. - FEDERAL,           JURY TRIAL DEMANDED

        Defendant.

---

## COMPLAINT

Plaintiff, TriPro Consulting, LLC (hereinafter "TriPro") hereby sues Defendant, CACI, Inc. - FEDERAL (hereinafter "CACI"), and in support thereof, states as follows:

## Jurisdiction, Parties and Venue

1. This is an action for breach of contract, and a violation of the Florida statute prohibiting improper solicitation of employees pursuant to Section 542.335 of the Florida Statutes (the "Restrictive Covenants Statute").

2. TriPro seeks damages including compensatory damages, attorneys' fees, costs, and any relief this Court deems just and proper.

3. TriPro is a Florida limited liability company and resident of Orange County, Florida with its principal place of business at 326 South Ranger Boulevard, Winter Park, Florida 32792.

4.     CACI is a for profit Delaware corporation authorized to do business in the state of Florida and a resident of Orange County, Florida with its principal place of business at 12021 Sunset Hills Road, Reston, Virginia 20190.

5.     CACI operated as an agent of the United States government and engaged TriPro to provide cybersecurity services in 2020 pursuant to a written contract (the "Contract"). A true copy of the Contract is attached as **Exhibit A**.

6.     TriPro executed the Contract in Winter Park, Florida; within the judicial district that this Court governs. TriPro also received CACI's purported Contract termination within the Middle District of Florida (the "Termination"). A true copy of the Termination is attached as **Exhibit B**.

7.     This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. Section 1332 because the parties are citizens of different states and the amount in controversy exceeds seventy five thousand dollars ($75,000.00).

8.     Venue for this lawsuit is proper in the Middle District of Florida pursuant to 28 U.S.C. § 1391(b) because a substantial portion of the acts or omissions giving rise to this action occurred in the Middle District of Florida; and 28 U.S.C. § 1391(e)(1)(c) because CACI was an agent of the government.

9.     TriPro has met all conditions precedent prior to filing suit including its response to CACI's Termination (the "Response") in which TriPro attempted to engage in the dispute resolution procedures delineated in Section 34 of the Contract but received no reply from CACI. A true copy of the Response is attached as **Exhibit C**.

## FACTS

10.    TriPro and CACI entered into a Contract pursuant to which TriPro provided cybersecurity services to CACI, an entity acting as an agent of the United States Federal Government.

11.    On July 27, 2022, CACI sent TriPro the written Termination of the Contract without citing a valid reason for termination.

12.    In addition to its material breach of the Contract by terminating it without a valid basis, CACI attempted to improperly solicit TriPro's employee (the "Solicitation"). A true copy of the Solicitation is attached as **Exhibit D**.

## COUNT I - Breach of Contract

13.    TriPro incorporates paragraphs 1 through 12 above as if they were fully set forth herein.

14.    A valid Contract existed between TriPro and CACI.

15.    CACI materially breached the Contract by terminating it without a proper basis and by attempting to solicit TriPro's employee.

16.    As a result of CACI's material breaches, TriPro suffered substantial damages including the sum it was due to receive pursuant to the Contract (had said Contract not been wrongfully terminated).

**WHEREFORE**, TriPro respectfully requests that this Court enter a judgment in favor of TriPro and against CACI for (1) compensatory damages; and (2) such other and further relief as this Court deems just and fit.

## **COUNT II – Violation of Florida Statutes, § 542.335 (Non-Solicitation)**

17.     TriPro hereby incorporates paragraphs 1 through 12 as if they were fully set forth herein.

18.     Section 39 of the Contract prohibiting the improper solicitation of employees is valid pursuant to Florida's Restrictive Covenant Statute.

19.     The provision was written to be unilateral in CACI's favor, but this Court should extend the prohibition under the Contract, a contract of adhesion, to TriPro in equity thereby making CACI's solicitation of TriPro's employee an action in violation of both the Contract and the Restrictive Covenant Statute.

20.     The restrictive covenant prohibiting improper solicitation in Section 39 of the Contract (the "Restrictive Covenant") was a valid protection of TriPro's legitimate business interests including its trade secrets, valuable confidential information, and substantial relationship with customers.

21.     The Restrictive Covenant was reasonable in time, scope of subject matter and geographic location restriction.

22.     CACI violated the Restrictive Covenant when it solicited TriPro's employee as evidenced by the Solicitation letter.

23.     As a result of CACI violating the Restrictive Covenants Statute, TriPro was damaged including in its relationship with its employee.

**WHEREFORE**, TriPro respectfully requests this Court enter a judgment for TriPro for (1) damages; (2) attorneys' fees and costs; (3) an injunction prohibiting further solicitation; and (4) further relief as this Court deems just.

## DEMAND FOR JURY TRIAL

TriPro demands a trial by jury on all issues so triable.


Dated: March 28, 2023.                    Respectfully submitted,

                                          */s/ Ahmad S. El-Gendi*
                                          Ahmad S. El-Gendi, Lead Trial Counsel
                                          Florida Bar No. 119139
                                          **JUNDI**, ATTORNEY AT LAW
                                          1317 EDGEWATER DRIVE, #3550
                                          Orlando, Florida 32804
                                          Telephone: (407) 777-0877
                                          Guidance@jundilegal.com