UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

TRIPRO CONSULTING, LLC,

    Plaintiff,

v.                                                 Case No: 6:23-cv-568-JSS-DCI

CACI, INC. - FEDERAL,

    Defendant.
_____/

## ORDER

Defendant moves for summary judgment pursuant to Federal Rule of Civil Procedure 56. (Motion, Dkt. 23.) In support, Defendant filed a statement of undisputed material facts. (Dkt. 24.) Plaintiff filed a response in opposition to the Motion (Dkt. 26), and Defendant filed a reply (Dkt. 27). For reasons set forth below, Defendant's Motion is granted in part and denied in part.

## BACKGROUND

This action arises from a breach of contract dispute. (Dkt. 1.) On November 24, 2020, Plaintiff entered into a contract to provide cybersecurity services through Defendant to the U.S. Government. (Dkt. 1-1.) To perform work under the contract, Plaintiff was required to maintain a certain level of Government approved security clearance. (*Id*. at 45; *See* Dkts. 23, 26.)

The contract includes a termination provision in item 24, which expressly states:

Item 24 – Termination for Convenience

> Buyer may terminate the Agreement in whole or in part if it is determined that a termination is in the Buyer's and/or the Government's best interests or if the Government exercises its termination for convenience rights under the Prime Contract as defined in FAR 52.249-6. Buyer may terminate this Agreement by issuing a written notice of termination to the Seller. The written notice will include the termination effective date, justification and actions to be taken by the Seller.
>
> In the event that Buyer terminates this Agreement pursuant to Government direction, Seller's recovery of termination costs shall be limited to the extent that the Buyer is able to recover such costs from the Government.
>
> Buyer may terminate this Agreement for convenience, in whole or in part, by written notice to Seller if Seller shall become insolvent or make a general assignment for the benefit of creditors; or, a petition under any bankruptcy act or similar statute is filed by or against the Seller and not vacated within ten (10) days after it is filed.

(Dkt. 1-1 at 14.) On July 27, 2022, Defendant sent Plaintiff a termination notice explaining that the termination was "based on customer direction." (Notice, Dkt. 1-2.)

On March 28, 2023, Plaintiff filed a two-count complaint alleging breach of contract (Count I) and violation of Fla. Stat. § 542.335 (Count II). (Complaint, Dkt. 1.) In Count I, Plaintiff alleges that "[a] valid contract existed between [the parties]" and that Defendant "materially breached the [c]ontract by terminating it without a proper basis and by attempting to solicit TriPro's employee." (*Id.* ¶¶ 14, 15.) In Count II, Plaintiff alleges that Defendant violated section 542.335 of the Florida Statutes by soliciting one of Plaintiff's employees. (*Id.* ¶¶ 18–23.)

Defendant now moves for summary judgment on both counts maintaining that no genuine issue of material fact remains for trial and judgment is appropriate as a matter of law. (Dkt. 23.) Defendant contends that the contract was properly terminated because Plaintiff "lost the security clearance required for Plaintiff to perform the work under the [Agreement]," notice of the termination was provided in accordance with the contract, and no payment remains outstanding. (*Id.*) Plaintiff opposes Defendant's motion asserting that genuine issues remain for trial. (Dkt. 26.)

## APPLICABLE STANDARDS

Granting summary judgment is appropriate if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute is considered "genuine" only if "a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "A fact is material for the purposes of summary judgment only if it might affect the outcome of the suit under the governing law." *Kerr v. McDonald's Corp.*, 427 F.3d 947, 951 (11th Cir. 2005). "The moving party bears 'the initial responsibility of informing the . . . court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1260 (11th Cir. 2004) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)) (internal quotations omitted). If the movant shows that no evidence supports the nonmoving party's case, "[t]he burden then shifts to the non-

moving party, who must go beyond the pleadings, and present affirmative evidence to show that a genuine issue of material fact exists." *Porter v. Ray*, 461 F.3d 1315, 1320 (11th Cir. 2006) (citing *Fitzpatrick v. City of Atlanta,* 2 F.3d 1112, 1115–17 (11th Cir.1993)).

In determining whether a genuine dispute of material fact exists, "courts should view the evidence and all factual inferences therefrom in the light most favorable to the party opposing the motion [and] [a]ll reasonable doubts about the facts should be resolved in favor of the non-movant." *Burton v. City of Belle Glade*, 178 F.3d 1175, 1187 (11th Cir. 1999) (citing *Clemons v. Dougherty Cnty.*, 684 F.2d 1365, 1368–69 (11th Cir. 1982)); *see Skop v. City of Atlanta*, 485 F.3d 1130, 1136 (11th Cir. 2007); *Layton v. DHL Express (USA), Inc.* 686 F.3d 172, 1175 (11th Cir. 2012).  A court "may not weigh conflicting evidence or make credibility determinations of [its] own."  *Jones v. UPS Ground Freight*, 683 F.3d 1283, 1292 (11th Cir. 2012) (citing *FindWhat Investor Grp. v. FindWhat.com*, 658 F.3d 1282, 1307 (11th Cir. 2011)); *Morrison v. Amway Corp.*, 323 F.3d 920, 924 (11th Cir. 2003) (the "court may not weigh the evidence or find facts"). "If the record presents disputed issues of fact, the court may not decide them; rather, [it] must deny the motion and proceed to trial." *Jones*, 683 F.3d at 1292.  Summary judgment should only be granted "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## ANALYSIS

The parties agree that Defendant is entitled to judgment as a matter of law as to Count II. *See* (Dkt. 23; Dkt. 26 at 1; Dkt. 27 at 1.) Defendant's Motion is therefore granted as to Count II.

In Count I, Plaintiff asserts a breach of contract claim, contending Defendant "terminated the contract without citing a valid reason for the termination" and "attempted to improperly solicit [Plaintiff's] employee." (Dkt. 1, ¶¶ 11, 12, 15.) Defendant seeks summary judgment as to this claim, contending that its evidence establishes the absence of genuine issues of material fact concerning the contractual termination. (Dkt. 23.)

Pursuant to the choice of law provision in the contract, law of Virginia governs disputes under the contract. (Dkt. 1-1. at 19.) To establish a breach of contract claim under Virginia law, a plaintiff must show "(1) a legally enforceable obligation of a defendant to a plaintiff; (2) the defendant's violation or breach of that obligation; and (3) injury or damage to the plaintiff caused by the breach of obligation." *Navar, Inc. v. Fed. Bus. Council*, 784 S.E.2d 296, 299 (Va. 2016) (citing *Ulloa v. QSP, Inc.*, 624 S.E.2d 43, 48 (Va. 2006)). In reviewing a contract, a court "consider[s] the contract as a whole and [does] not place emphasis on isolated terms." *Quadros & Assocs., P.C. v. City of Hampton*, 597 S.E.2d 90, 93 (Va. 2004). "The guiding light in the construction of a contract is the intention of the parties as expressed by them in the words they have used, and courts are bound to say that the parties intended what the written instrument

plainly declares." *Bolton v. McKinney*, 855 S.E.2d 853, 855 (Va. 2021) (citations omitted).

As the movant, Defendant bears the initial burden of establishing the absence of a genuine factual dispute. *See Celotex*, 477 U.S. at 323. Defendant argues that the termination was a proper "Termination for Convenience" under the contract because it "was based upon, and made at the direction of, the customer under the Contract, U.S. Government [and that] Defendant gave Notice of Termination to Plaintiff on July 27, 2022." (Dkt. 24 ¶ 2–3.) In support, Defendant relies on the affidavit of Gregg Nivala attached to Defendant's Motion. (Dkt. 23-1.) In contrast, Plaintiff argues "Defendant's Termination of Contract was based upon its own mistaken belief that TriPro's facility clearance had lapsed [and the] Termination notice . . . was missing the justification required by the Contract." (Dkt. 26-5 ¶ 2.) Plaintiff further argues that the "Termination was not in accordance with the contractual language of Item 24 of the Contract" and cites to affidavits of its security consultants (Dkt. 26, Ex. A), senior software engineer (Dkt. 26, Ex. B), and senior systems security engineers (Dkt. 26, Exs. C-D). Generally, Plaintiff's affidavits also explain that Plaintiff maintained its required security clearance and that termination of the contract was not in the Government's best interest. (Dkt. 26, Ex. E.)

The contract expressly authorizes Defendant to "terminate the Agreement in whole or in part if it is determined that a termination is in [Defendant's] and/or the Government's best interests." (Dkt. 1, Ex. 1.) Defendant explains that the contract was terminated pursuant to this provision at the Government's direction after

Defendant learned that Brian McElroy's security clearance was revoked, and Plaintiff could no longer perform under the contract. (Dkts. 23, 27, Ex. A.) Defendant does not assert that the termination of the contract was in its own best interest, but rather that it terminated the contract at the direction of the Government "because it was in the Government's best interest." (Dkt. 23 at 3.)

The parties dispute whether the termination was in the Government's best interest as provided in the contract. Although Defendant maintains the Government instructed Defendant to terminate the contract due to a lapse in Plaintiff's employee's security clearance and an inability to perform under the contract, Plaintiff responds that there were no impediments to its performance and the termination was not in the Government's best interest. Upon consideration, the court finds that both parties have presented conflicting evidence concerning the termination. The conflicting testimony, and the likely need to assess the credibility of the witnesses, constitute genuine issues of material fact which preclude the entry of summary judgment as to Count I. *See Buending v. Town of Redington Beach*, 10 F.4th 1125, 1130 (11th Cir. 2021) (stating that "[a] court may not weigh conflicting evidence or make credibility determinations of [its] own. If the record presents disputed issues of fact, the court may not decide them; rather, [it] must deny the motion and proceed to trial.") (internal quotation marks and citation omitted); *USA Flea Mkt., LLC v. EVMC Real Est. Consultants, Inc.*, 248 F. App'x 108, 111 (11th Cir. 2007) (reversing granting of summary judgment when genuine issue of material fact present regarding termination of a contract); *see Lockheed Martin Corp. v. Galaxis USA, Ltd.*, 222 F. Supp. 2d 1315, 1319 (M.D. Fla. 2002), *aff'd sub nom.*

*Lockheed Martin Corp. v. Galaxis U.S.A. Ltd.*, 88 F. App'x 389 (11th Cir. 2003) (finding genuine issues of material fact and noting that the plaintiff would have "an opportunity to address the contention by [d]efendants in their response that [plaintiff] failed to comply with the . . . termination provision in the [a]greement and the effect of that provision on the claimed breaches of the . . . contract"). Thus, genuine issues of material fact remain for trial as to Count I of the Complaint concerning breach of contract and damages. *See Architectural Ingenieria Siglo XXI, LLC v. Dominican Republic*, No. 1:13-CV-20544-KMM, 2017 WL 11630840, at *9 (S.D. Fla. Jan. 12, 2017) (finding issues of fact remained as to damages and denied summary judgment).

## CONCLUSION

Accordingly:

1. Defendant's Motion for Summary Judgment (Dkt. 23) is **GRANTED in part** and **DENIED in part**.

2. Defendant's Motion is granted to the extent that Defendant is granted judgment as a matter of law as to Count II of the Complaint (Dkt. 1). Defendant's Motion (Dkt. 23) is otherwise denied.

**ORDERED** in Orlando, Florida, on May 1, 2024.

JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record