UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**TRIPRO CONSULTING, LLC,**

      **Plaintiff,**

v.                                                                               Case No: 6:23-cv-568-JSS-DCI

**CACI, INC. - FEDERAL,**

      **Defendant.**

**ORDER**

This cause comes before the Court for consideration following a hearing on the following motion:

| | |
|---|---|
| **MOTION:** | **Defendant's[1] Amended Motion to Compel Discovery (Doc. 39)** |
| **FILED:** | **August 6, 2024** |
| | **THEREON** it is **ORDERED** that the motion is **DENIED**. |

On March 28, 2023, Plaintiff filed this action against Defendant alleging breach of contract and a violation of Florida's non-solicitation statutes. *See* Doc. 1 (the Complaint). On March 30, 2023, the Court entered its Order on Discovery Motions. Doc. 3 (the Order). The Order provides that if the parties are unable to resolve a discovery dispute, a party may seek court intervention but must do so by filing a motion that does not exceed 500 words. *Id.* at 1. Further, the Order provides that any party opposing such a motion shall file a response no later than five days after the motion

---

[1] Plaintiff titled the Motion (Doc. 39) as "Defendant's" motion; in fact, Plaintiff filed the Motion.

is filed. *Id.* The purpose of the Order it to facilitate the prompt, timely, cost-effective, and efficient resolution of discovery disputes during the discovery period. *See* Doc. 3 (citing Fed.R.Civ.P. 1).

On August 21, 2023, the Court entered a Case Management and Scheduling Order (CMSO) providing that the discovery period would close on July 5, 2024. Doc. 14 at 1. From the time discovery opened through the final day of discovery, no discovery motions were filed. However, five minutes before midnight on July 5, 2024 (the final day of the discovery period), Plaintiff filed an omnibus discovery motion seeking the Court's intervention concerning alleged deficiencies in Defendant's discovery responses to several requests for production and interrogatories. Doc. 34. On July 23, 2024, the Court denied that motion without prejudice, noted its ambiguity, and stated that, "Without more clarity as to what precisely Plaintiff is requesting, the Court cannot enter an order compelling Defendant." Doc. 36 at 2. Two weeks later, on July 6, 2024, Plaintiff filed the instant Amended Motion to Compel Discovery. Doc. 39 (the Motion). On August 12, 2024, Defendant filed its response in opposition to the Motion. Doc. 41. On August 20, 2024, the Court held a hearing on the Motion.

Federal Rule of Civil Procedure 16(b) "gives the district court the authority to set a scheduling order limiting the time to complete discovery." *Simpson v. State of Ala. Dept. of Human Resources*, 501 F. App'x 951, 956 (11th Cir. 2012) (citing Fed. R. Civ. P. 16(b)). "Once entered such orders control the subsequent course of the action and may be modified only for good cause and with the judge's consent." *Hurry Family Revocable Trust v. Frankel*, 2020 WL 211072, at *2 (M.D. Fla. Jan. 14, 2020) (internal citations and quotations omitted). Here, neither party filed any motion with the Court requesting an extension of the discovery deadline. Instead, the Court received an eleventh-hour motion to resolve a plethora of discovery disputes. After that motion was denied without prejudice, Plaintiff waited another two weeks before filing the instant

Motion. Courts routinely deny motions to compel as untimely when they are submitted after the discovery deadline. *See e.g.*, *El-Saba v. Univ. of S. Ala.*, 738 F. App'x 640, 645-46 (11th Cir. 2018) (affirming denial of a motion to compel as untimely that the plaintiff admitted "was filed almost two weeks after" discovery closed); *Endurance Am. Specialty Ins. Co. v. Liberty Mut. Ins. Co.*, 2019 WL 1773288, at *4-5 (M.D. Fla. Apr. 23, 2019) (overruling objections to magistrate judge's denial of motion to compel filed approximately one month after the discovery deadline); *Eli Research, LLC v. Must Have Info., Inc.*, 2015 WL 4694046, at *2 (M.D. Fla. Aug. 6, 2015) (denying motion to compel filed three days after discovery closed). Here, the Motion is untimely, as Plaintiff filed it a month after the discovery deadline.[2]

Additionally, and alternatively, motions to compel filed at the close of discovery are disfavored and may, as here, evince a lack of diligence in pursuing discovery that results in the waiver of the request for relief. "While there is no local or federal rule setting a precise deadline for the filing of a motion to compel, it is clear that any such motion must be filed within a 'reasonable time' period." *Coleman v. Starbucks*, 2015 WL 2449582, at *8 (M.D. Fla. May 22, 2015) (citations omitted). "By virtue of failing to address a discovery violation when the movant first learns of the issue, a party risks waiving the issue." *Goears v. L.A. Entertainment Group, Inc.*, 2017 WL 2578649, at *3 (M.D. Fla. June 14, 2017) (citations omitted); *see also Oil Consulting Enterprise, Inc. v. Hawker Beechcraft Global Customer Support, LLC*, 2017 WL 7355128, at *3 (M.D. Fla. Dec. 21, 2017) ("[F]iling a substantive motion to compel on the last day

---

[2] Plaintiff actually filed the Motion at 11:55 p.m. on August 6, 2024 (the date of the dispositive motions deadline), which was several hours after Defendant filed a motion for summary judgment and a motion to strike Plaintiff's jury trial demand. *See* Docs. 37, 38, and 39. Further, in the Joint Notice of On-going Conferral filed prior to the hearing, the parties attempted to raise new issues not raised in the Motion. To the extent that the parties sought any affirmative relief in that Joint Notice, it is denied. *See* Local Rule 3.01.

of discovery does not comply with the policy of the Middle District of Florida for the completion of discovery and the resolution of issues related to discovery prior to the discovery deadline.").

Here, Plaintiff received Defendant's responses to the discovery requests at issue on January 10, 2024. So, even if the Court found that the Motion somehow related back to the date Plaintiff filed the first, denied motion (i.e., July 5, 2024, at 11:55 p.m.), the Court still finds the Motion untimely. Plaintiff waited nearly six months to file the first motion to compel. When asked about this delay at the hearing, Plaintiff failed to offer a sufficient rationale for the delay, instead referring to counsel's status as a newly solo practitioner struggling to balance a caseload of contingency and non-contingency work. Plaintiff's proffered explanation for the delay given at the hearing was unpersuasive; certainly, with proper diligence, Plaintiff could have brought the purported discovery disputes to the attention of the Court months ago, especially given the abbreviated procedure made applicable to discovery disputes in this case via the Court's Discovery Order. To be sure, this is not a situation in which recent developments during the discovery process resulted in a motion filed near the close of the discovery period. The Motion here is of an omnibus nature; Plaintiff seeks to raise several issues across two sets of discovery responses, all of which could and should have been identified in January 2024 and raised months ago. Thus, even if the Motion were deemed filed on July 5, 2024, Plaintiff's demonstrated lack of diligence in pursuing the issue is fatal to Plaintiff's request.

Accordingly, for the reasons stated herein and for the reasons stated on the record at the hearing, the Motion (Doc. 39) is **DENIED**.

**ORDERED** in Orlando, Florida on August 20, 2024.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE