UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

TRIPRO CONSULTING, LLC,

     Plaintiff,

v.                                    Case No: 6:23-cv-568-JSS-DCI

CACI, INC. - FEDERAL,

     Defendant.

_____/

### **ORDER**

On December 9, 2024, Defendant filed a Motion in Limine to Exclude Plaintiff's Damages. (Dkt. 62.) Plaintiff opposes the Motion. (*See* Dkt. 63 at 5–6.) Upon consideration, and for the reasons that follow, the Motion is denied.

In its Motion, Defendant asserts that Plaintiff's counsel instructed Plaintiff's Rule 30(b)(6) representative, Brian McElroy, "not to answer questions regarding damages," nor regarding "what sum was due to Plaintiff, on the basis of attorney-client privilege." (Dkt. 62 at 1–2.) The relief Defendant seeks is "an order limiting the damages evidence that Plaintiff intends to present," and, more specifically, that "Plaintiff should not be permitted to offer testimony or other evidence that it has declared to be privileged by an attorney-client conference." (Dkt. 62 at 5.)[1] In the

---

[1] Though the precise relief Defendant seeks is confused by Defendant's statement elsewhere in its Motion that "Plaintiff should be prevented from presenting evidence of damages in its case," a more sweeping request. (Dkt. 62 at 4.)

Joint Pretrial Statement, joined by both parties but filed by Plaintiff, Plaintiff raises a number of objections to the Motion, including that motions in limine are "disfavored" in bench trials, for which this case is currently set. (Dkt. 63 at 6.)

The former Fifth Circuit noted that "the exclusionary law of evidence, 'the child of the jury system,' need not be applied in limine where hearing is before a judge, not a jury. The judge should be empowered to hear any relevant evidence . . . ." *U.S. v. Lee*, 541 F.2d 1145, 1146 (5th Cir. 1976); *see also Chase Manhattan Bank v. First Marion Bank*, 437 F.2d 1040, 1049 n.6 (5th Cir. 1971) ("In this non-jury action, the District Judge correctly allowed Chase to proffer evidence before ruling as to admissibility."). Accordingly, district courts have found that it is generally proper to deny motions in limine before bench trials. *See, e.g.*, *Johnson & Johnson Vision Care, Inc. v. CIBA Vision Corp.*, 616 F. Supp. 2d 1250, 1256 (M.D. Fla. 2009) ("Likewise, that this is a bench trial weighs heavily in favor of denying the motions *in limine* and addressing the issues raised if and when they come up at trial."); *T.T. Int'l Co. v. BMP Int'l, Inc.*, No. 8:19-cv-2044-CEH-AEP, 2022 WL 4125055, at *1 (M.D. Fla. Aug. 25, 2022) ("The rationale underlying pre-trial motions *in limine* is inapplicable in a bench trial, where it is presumed the judge will disregard inadmissible evidence and rely only on competent evidence.").

However, the court also agrees with Defendant that Plaintiff's instruction to his client's corporate representative is not favored. *See* Middle District Discovery (2021) Section II.B ("The use of the instruction not to answer, absent the limited circumstances set forth in Rule 30(c)(2), Federal Rules of Civil Procedure, is disfavored

by the court."). The Federal Rules of Civil Procedure govern depositions and state that "[a] person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)." Fed. R. Civ. P. 30(c)(2). While Plaintiff maintains that the instruction was made to preserve information protected by attorney-client privilege, Defendant argues that "the instruction relating to privilege does not apply because damages is an element of [P]laintiff's case, and though the witness may have discussed damages with its counsel, damages as a category of inquiry is not privileged." (Dkt. 62 at 2.)

In any event, the proper vehicle for this argument would have been a timely motion to compel. *See Mut. of Omaha Mortg., Inc. v. Waterstone Mortg. Corp.*, No. 8:22-cv-1660-TPB-JSS, 2023 WL 5042884, at *1 (M.D. Fla. Aug. 8, 2023) ("If a deponent fails to answer a question during a deposition, a party may move for an order compelling an answer." (citing Fed. R. Civ. P. 37(a)(3)(B)). Indeed, had Defendant so moved, and had the court granted the motion, Plaintiff's counsel may have been subject to sanction. *See* Fed. R. Civ. P. 37(a)(5)(A). Upon review of the docket, Defendant did not so move, and the deadline to do so has passed. (*See* Dkt. 14.) When the court questioned Defendant's counsel at a hearing held on December 12, 2024 as to why she had not moved to compel McElroy's testimony, counsel stated that she expected such a motion would only have prompted Plaintiff's counsel to invoke the protection of attorney-client privilege—though courts routinely resolve disputes regarding privilege on motions to compel. *See, e.g.*, *Space Coast Bus., LLC v. Coastal*

*Media Assocs., LLC*, No. 6:10-cv-1618-Orl-KRS, 2011 WL 13299574, at *2 (M.D. Fla. July 7, 2011) (granting a motion to compel and ordering the plaintiff's corporate representative "to answer the questions [he] did not answer based on assertion of a privilege").

Because this case is set for a bench trial, the relief Defendant seeks in its Motion is improper, and thus, it is due to be denied. *See Mokris v. United States*, No. 2:20-cv-34-JES-MRM, 2022 WL 743416, at *1 (M.D. Fla. Mar. 11, 2022) (denying a motion in limine and noting that "'the more prudent course of action in a bench trial is often to resolve evidentiary doubts in favor of admissibility'") (quoting *Johnson & Johnson Vision Care*, 616 F. Supp. 2d at 1256)).[2]  This result is bastioned by the fact that, although motions in limine are governed by the Federal Rules of Evidence, Defendant did not cite to any such rule in its Motion.  (*See* Dkt. 62); *Mokris*, 2022 WL 743416, at *2 (noting that the Federal Rules of Evidence apply to motions in limine, and denying a motion in limine, in part, because, "other than off[-]handed cites to Federal Rules of Evidence 401–403 and Federal Rules of Civil Procedure 26 and 35, plaintiff only cites Florida case law"); *Sikora v. Progressive Express Ins. Co.*, No. 6:20-cv-519-GAP-GJK, 2021 WL 7083640, at *1 (M.D. Fla. Nov. 30, 2021) (summarily denying motion in

---

[2] The court also briefly notes that, while Defendant asserts that "Plaintiff prevented Defendant from any discovery on what Plaintiff's damages are," (Dkt. 62 at 2), Plaintiff has described the damages sought in the Joint Pretrial Notice, (*see* Dkt. 63 at 3).  Indeed, in his response to Defendant's second motion for summary judgment, Plaintiff highlighted deposition testimony from Defendant's Rule 30(b)(6) representative indicating the damages Plaintiff is seeking, (*see* Dkt. 48-2 at 28–48).  This was the basis for the court's finding in its order denying summary judgment that "genuine issues of material fact remain as to Count I of the complaint concerning breach of contract and damages."  (Dkt. 59 at 10.)

limine where the plaintiff "failed to show . . . that the opposed aspects of Dr. Kleinman's testimony [we]re inadmissible under the Federal Rules of Evidence 702 or 403").

Accordingly, Defendant's Motion in Limine to Exclude Plaintiff's Damages (Dkt. 62) is **DENIED**.  Plaintiff is **DIRECTED** to produce McElroy for a continuation of the corporate representative deposition on or before January 10, 2025.  This deposition shall be limited to the questions regarding damages that McElroy was instructed not to answer at his previous deposition and to follow-up questions addressed solely to new information McElroy provides in his answers.

**ORDERED** in Orlando, Florida, on December 13, 2024.

JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record